UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bepex International, LLC, | No. 19-cv-2997 (KMM/JFD) |
| Plaintiffs, | |
| v. | **ORDER** |
| Hosokawa Micron, BV, | |
| Defendant. | |

This matter is before the Court on the Objections filed by Plaintiff Bepex International, LLC ("Bepex"), to United States Magistrate Judge John Docherty's Order regarding Bepex's motion to amend the Scheduling Order. [Objections, ECF No. 226; Order, ECF No. 198]. Because Judge Docherty's Order is neither clearly erroneous nor contrary to law, the Court overrules Bepex's Objections and affirms. Moreover, the Court notes that the parties to this case have been unusually litigious, contesting numerous discovery and other non-dispositive issues throughout the case. Not only has Judge Docherty been responsive to their many disputes, he has actively and appropriately managed the litigation at every stage.

*Background*

On March 25, 2022, Bepex filed a motion to extend several of the Scheduling Order's deadlines and seeking a protective order to temporarily prevent Defendant Hosokawa Micron BV ("HMBV") from taking Bepex's deposition pursuant to Federal

1

Rule of Civil Procedure 30(b)(6). Judge Docherty issued a thorough 21-page Order on April 29, 2022 granting these requests in part and denying them in part

In the context of the request for modification of the Scheduling Order, Judge Docherty applied the good-cause standard of Rule 16(b)(4) and controlling precedent requiring consideration of the movant's diligence, and only then to consider prejudice to the nonmovant. Judge Docherty also identified the provisions of Local Rule 16.3(b) requiring good cause for a modification to the schedule. Further, Judge Docherty cited cases discussing the discretionary nature of scheduling decisions and the fact that amendments that would impact dispositive motion and trial ready deadlines are disfavored. And Judge Docherty pointed to cases finding the three-year reporting required by the Civil Justice Reform Act of 1990 instructive in identifying a general concern regarding lengthy delays.

Next, Judge Docherty identified the parties' competing positions and arguments. He then concluded that Bepex demonstrated sufficient diligence to establish good cause to modify some, but not all, of the requested deadlines. Judge Docherty found that the exceptional circumstances brought on by the COVID pandemic and health concerns supported a limited finding that some of the deadlines could not have been met, despite Bepex's diligence. But he rejected Bepex's suggestion that all of the delays in the case were attributable to HMBV.

Judge Docherty next addressed the question of diligence, specifically regarding Bepex's argument that HMBV's alleged overuse of Attorney's-Eyes-Only ("AEO") designations caused delays that prevented Bepex from meeting the Scheduling Order's deadlines. He found that although Bepex would have been better served by raising any issues with the Defendant's use of AEO designations sooner, its motion was nevertheless timely. Judge Docherty had previously ordered the parties to meet and confer by April 30, 2022, regarding the use of AEO designations and which entity with the technical expertise needed to interpret the AEO -designated material could access it. Therefore, he found that a limited extension of deadlines was warranted in recognition of Bepex's need for assistance in viewing the AEO discovery. Finally, Judge Docherty found that HMBV did not show it would be prejudiced by partial modification of the Scheduling Order's deadlines.

Based on these considerations, Judge Docherty found good cause to enter a fifth amended scheduling order. However, because the case was nearing its three-year anniversary, he found that only an extension of the discovery deadline was appropriate. He reopened fact discovery "only for the narrow, limited purpose of permitting HMBV to depose Bepex's Rule 30(b)(6) representative," and the non-dispositive motion deadline for motions and informal dispute resolution related to remaining discovery disputes that could not have been raised earlier. Judge Docherty declined to modify

deadlines for expert discovery, non-dispositive motions relating to expert discovery, dispositive motions, and trial-ready deadlines.

*Standard of Review*

The Court's review of a magistrate judge's order on a nondispositive motion is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). Such an order should be overruled only where it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L.R. 72.2(a)(3). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. A decision is contrary to law when it fails to apply or misapplies relevant statues, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (cleaned up). This means that a district court should not reverse a magistrate judge's decision in the non-dispositive arena unless it is implausible "in light of the record viewed in its entirety," even if the reviewing court might have decided it differently in the first instance. *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019). Having thoroughly reviewed the record and the parties' arguments, the Court concludes that Judge Docherty's Order was neither clearly erroneous, nor contrary to law. Moreover, the record reveals that he carefully and conscientiously assessed each issue and made an appropriate exercise of discretion.

*Discussion*

Bepex objects to Judge Docherty's Order on four separate grounds. Through its Objections, Bepex essentially attempts to relitigate issues that Judge Docherty already decided. But District Court review of a Magistrate Judge's nondispositive orders is not a vehicle to reargue the merits of the underlying motion. And it is worth noting that whether to modify a scheduling order in a particular way remains in the magistrate judge's discretion even if the moving party makes the required showing of "good cause." *Bradvord v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) ("Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion."). Given that the decision at issue in this case is so committed to the sound exercise Judge Docherty's discretion and that this Court's review of that decision is extremely deferential, to prevail in its Objections, Bepex must point to clear indications in the record that Judge Docherty made definite mistakes, failed to identify the applicable law, or misapplied controlling precedent. Bepex has done none of these.

First, Bepex asserts that it was clearly erroneous for Judge Docherty to find that HMBV's delays in discovery did not justify a finding of good cause because he "ignore[d] the fact that Bepex could not diligently review or file motions related to documents that HMBV had not yet produced." [ECF No. 226 at 9–10]. However, the Magistrate Judge already considered and rejected this very argument, finding that there

5

was "little merit" to the suggestion that HMBV's delays were solely to blame for the motion to modify the scheduling order. Bepex offers no basis for this Court to conclude that Judge Docherty made a clear error in any underlying finding leading to this conclusion, nor that he misapplied the law.

Second, Bepex argues that it was clear error for Judge Docherty "to rely on an alleged delay by Bepex in identifying its trade secrets to deny Bepex an extension" because: (1) HMBV waited many months before seeking any relief related to Bepex's allegedly incomplete trade secrets identification; and (2) HMBV produced documents that belie its allegations that it did not understand which trade secrets are at issue. [ECF No. 226 at 11–12]. However, Judge Docherty, who is familiar with the parties' litigation history, recounted that he had "already found that Plaintiff's own delay in disclosing its trade secrets created a discovery bottleneck, and that in consequence Plaintiff may not now complain it is suffering prejudice solely because of HMBV's untimely productions." [ECF No. 198 at 17–18]. Judge Docherty balanced the need for Bepex to be able to prepare a Rule 30(b)(6) representative with HMBV's interest in taking a deposition that is central to its defense and granted a limited protective order to delay the deposition until a suitable "interpreter" could be engaged to assist Bepex's outside counsel in reviewing AEO documents. [*Id.*] Bepex's objection is overruled because it reveals nothing more than a disagreement with Judge Docherty's discretionary decision.

Third, Bepex contends that "in declining to adopt Bepex's proposed extensions to the Scheduling Order, the Magistrate did not give the recent health problems of a key witness, Mr. Kimball, appropriate weight." Bepex suggests that Mr. Kimball's unavailability contributed to Bepex's inability to prepare for depositions given his technical knowledge of the equipment at issue and the parties' relationship dating back to the 1990s. [ECF No. 226 at 12–13]. Judge Docherty acknowledged that Bepex took the position that a key witness had been hospitalized, but he ultimately concluded that Bepex itself had contributed to delays in completing the discovery period. [ECF No. 198 at 11–12]. He did not determine that Mr. Kimball's illness or hospitalization prevented Bepex from taking discovery prior to the expiration of the last amended deadline, but reasoned that it was among the factors that justified allowing Bepex some additional time to prepare its Rule 30(b)(6) representative. What Bepex asks the Court to do through its Objections is not reverse Judge Docherty's order due to clear error, but to reweigh the factors and grant Bepex the relief it sought in its motion. But the standard of review for a Magistrate Judge's nondispositive orders is extremely deferential, and the Court declines to engage in the *de novo* review that Bepex encourages.

Finally, Bepex suggests that Judge Docherty erred in not allowing Bepex to take additional depositions. Bepex argues that by allowing HMBV to add AEO designations and Bepex additional time to prepare a witness for HMBV's Rule 30(b)(6) deposition, Judge Docherty "implicitly acknowledged that Bepex could not have prepared to

7

depose *HMBV* witnesses prior to . . . ruling on this issue." [ECF No. 226 at 13]. The Court finds no clear error in Judge Docherty's decision that the extension of the discovery schedule should be limited solely to completing HMBV's deposition of Bepex's Rule 30(b)(6) representative. Once again, Bepex's objection on this point is overruled. Bepex provides no support for its assertion that Judge Docherty's consideration of the appropriate scope of relief was contrary to law or rested on a clearly erroneous finding.

In sum, the Court will not second guess Judge Docherty's considered and well-reasoned case-management rulings in this matter. Accordingly, Bepex's Objections [ECF No. 226] are **OVERRULED** and Judge Docherty's April 29, 2022 Order [ECF No. 198] is **AFFIRMED**.

Date: June 7, 2022

    *s/Katherine Menendez*
Katherine Menendez
United States District Judge