UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BEPEX INTERNATIONAL, LLC, | Case No. 19-CV-2997 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| HOSOKAWA MICRON BV, | |
| Defendant. | |

Before the Court is Plaintiff Bepex International, LLC's ("Bepex") letter requesting (Dkt. No. 369) leave to file a motion to reconsider the Court's Order[1] (Dkt. No. 368) granting in part and denying in part Defendant Hosokawa Micron BV's ("HMBV") Motion (Dkt. No. 215) to Strike Plaintiff's Untimely Third Supplemental Answers to Defendant's Combined Interrogatories. Hosokawa opposes Bepex's request for leave to file a motion for reconsideration. (Dkt. No. 370.)  Bepex seeks reconsideration of only one issue that was addressed in the Court's Order, namely, that the Court ordered Bepex not to call Mr. Tom Brion as an expert witness at trial because Bepex's disclosure of Mr. Brion as an expert was untimely. (Order 21–22.) The Court granted "HMBV's request to strike the Third Supplement as to Bepex's disclosure of Mr. Brion as an expert witness at trial" and prohibited Bepex from "us[ing] this disclosure in further litigation of the case because its failure to timely disclose Mr. Brion as a witness [was] not harmless." (*Id.*) As explained in more detail below, Bepex's request for leave to file a motion to reconsider is denied

---

[1] A redacted version (Dkt. No. 374) of the Order is available.

because the Court's Order only prevents Bepex from calling Mr. Brion as an expert witness. Bepex can still call Mr. Brion as a non-expert witness, so long as Bepex complies with the Federal Rules of Civil Procedure.

Local Rule 7.1(j) allows attorneys to file motions for reconsideration only after receiving permission from the Court. D. Minn. LR 7.1(j) ("Except with the court's prior permission, a party must not file a motion to reconsider. A party must show compelling circumstances to obtain such permission."). Motions for reconsideration are appropriate only in limited circumstances; they "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Niazi Licensing Corp. v. Bos. Sci. Corp.*, No. 17-CV-5094 (WMW/BRT), 2019 WL 6827588, at *1 (D. Minn. Dec. 13, 2019) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)); *see also Fire Ins. Exch. v. CNA Int'l, Inc.*, No. 19-CV-434 (PJS/ECW), 2021 WL 6757982, at *1 (D. Minn. Jan. 21, 2021) (citing *Munro v. Lucy Activewear, Inc.*, No. 16-CV-0079 (JRT/KMM), 2018 WL 4094845, at *2 (D. Minn. Aug. 28, 2018) (quoting *Hagerman*)).

Bepex believes two circumstances favor relief. (Pl.'s Letter 1.) First, Bepex states that Mr. Brion's anticipated trial testimony will not be expert testimony and claims that HMBV acknowledges this. (*Id.*) Second, Bepex asserts that no prejudice resulted from the late disclosure of Mr. Brion's identity because HMBV took Mr. Brion's deposition and referenced it in its motion for summary judgement. (*Id.* at 2.) For its part, HMBV denies conceding that Mr. Brion is not an expert and retorts that the unjustified failure to timely disclose Mr. Brion's identity, "whether [as a] lay witness or purported expert," *did* prejudice HMBV. (Def.'s Letter 1–2.)

To be clear, what kind of witness Mr. Brion could be was not a question the parties placed before the Court before it issued its Order. The question before the Court was whether Bepex timely disclosed Mr. Brion's identity as an expert witness. The Court held (1) that Bepex did not timely disclose, (2) that HMBV was prejudiced by this infraction, and (3) that Bepex could not therefore call Mr. Brion as an expert witness. (Order 21–22.) The Court took no position on Bepex calling Mr. Brion as any other kind of witness. Thus, Bepex does not provide compelling circumstances for this Court to reconsider its Order under Local Rule 7.1(j).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Request for Leave to File a Motion for Reconsideration (Dkt. No. 369) is **DENIED.**

Date: November 2, 2022

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge